UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**RAHEEM SHABAZZ,**

**Plaintiff,**

**-v-**  9:10-CV-1212 **(NAM/DEP)**

**G.R. BEZIO, Correction LT., Clinton Annex**
**Correctional Facility; E. RICE, Correction Sgt.;**
**Clinton Annex Correctional Facility; and P. CHASE,**
**Correction Lt., Clinton Annex Correctional Facility,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Raheem Shabazz
96-A-5174
Orleans Correctional Facility
3531 Gains Basin Road
Albion, New York 14411-9199
Plaintiff *pro se*

Hon. Eric T. Schneiderman, Attorney General for the State of New York
Tiffinay M. Rutnik Esq., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

Plaintiff Raheem Shabazz, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action under 42 U.S.C. § 1983 for compensatory and punitive damages. Defendants' motion (Dkt. No. 57) for summary judgment dismissing the action was referred to United States Magistrate Judge David E. Peebles pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). Magistrate Judge Peebles issued a

Report and Recommendation (Dkt. No. 72) recommending summary judgment dismissing all claims against all defendants on the basis that: no reasonable factfinder could conclude that plaintiff was denied adequate due process before being sentenced to keeplock confinement; and verbal harassment, without more, is not cognizable under § 1983.

Plaintiff has objected to Magistrate Judge Peebles's Report and Recommendation. Dkt. No. 73. He claims that: the Administrative Supervisor's reversal of both misbehavior reports, which led to keeplock confinement, demonstrates that both hearing officers were biased; and Magistrate Judge Peebles erred in finding there was no issue of material fact requiring trial with respect to his harassment claim.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993). The Court resolves the issues as set forth below.

## DISCUSSION

The Court adopts Magistrate Judge Peebles's summary of the facts, procedural history, and applicable law. The Court does not repeat them here.

**Due Process**

In his objection (Dkt. No. 73), plaintiff asserts that the reversal of the misbehavior reports supports his claim that the hearing officers were biased and raises a question of fact requiring trial on his due process claim. Magistrate Judge Peebles addressed both disciplinary hearings (April 17, 2008 and May 2, 2008) and found that: (1) there was an issue of material fact concerning whether plaintiff was deprived of a cognizable liberty interest; (2) but that defendants were

nevertheless entitled to summary judgment because plaintiff failed to raise a question of fact with respect to whether he was deprived of that interest without sufficient process.

As Magistrate Judge Peebles explained:

> As a general matter, to prevail on a section 1983 due process claim arising out of a disciplinary hearing, a plaintiff must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).

Dkt. No. 72, p.17. Further:

> The procedural safeguards to which a prison inmate is entitled before being deprived of a constitutionally cognizable liberty interest are well-established, and include (1) written notice of the charges to the inmate; (2) the opportunity to appear at a disciplinary hearing and a reasonable opportunity to present witnesses and evidence in support of his defense, subject to a prison facility's legitimate safety and penological concerns; (3) a written statement by the hearing officer explaining his decision and the reasons for the action being taken; and (4) in some circumstances, the right to assistance in preparing a defense. *Wolff v. McDonnell*, 418 U.S. 539, 564-69 (1974); *see also Luna v. Pico*, 356 F.3d 481, 487 (2d Cir. 2004). To pass muster under the Fourteenth Amendment, a hearing officer's disciplinary determination must garner the support of at least "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Luna*, 356 F.3d at 487-88.
>
> The due process clause of the Fourteenth Amendment guarantees that "[a]n inmate subject to a disciplinary hearing is entitled to. . . an impartial hearing officer." *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996) (citing *Wolff*, 418 U.S. 570-71). The Second Circuit has explained that its "conception of an impartial decisionmaker is one who, inter alia, does not prejudge the evidence and who cannot say . . . how he would assess evidence he has not yet seen." *Patterson v. Coughlin*, 905 F.2d 564, 570 (2d Cir. 1990). "The degree of impartiality required of prison officials[, however,] does not rise to the level of that required of judges." *Allen*, 100 F.3d at 259. Indeed, "[i]t is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts." *Russell v. Selsky*, 35 F.3d 55, 60 (2d Cir. 1996). "A hearing officer may satisfy the standard of impartiality if there is 'some evidence in the record' to support the findings of the hearing." *Allred v. Knowles*, No. 06-CV-0456, 2010 WL 3911414, at *5 (W.D.N.Y. Oct. 5, 2010) (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

Dkt. No. 72, pp.24-25.

-3-

Magistrate Judge Peebles found, and plaintiff does not dispute, that the evidence in the record indicates: plaintiff received written notice of the charges underlying the two hearings; an opportunity to appear at the disciplinary hearing and to present witnesses in his defense; a written statement of decision; and the right to assistance in preparing a defense. Plaintiff's principal objection is that the Magistrate Judge failed to consider the fact that both defendants' determinations were ultimately reversed and plaintiff's record expunged as material to the issue of defendants' impartiality as hearing officers. "A hearing officer may satisfy the standard of impartiality if there is 'some evidence in the record' to support the findings of the hearing." *Allred v. Knowles*, No. 06-CV-0456, 2010 WL 3911414, at *5 (W.D.N.Y. Oct. 5, 2010) (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

At the April 17, 2008 hearing, Bezio found plaintiff guilty of refusing a direct order, which was to cut his hair, and not guilty of having "unfastened long hair". Plaintiff admitted at the hearing that he refused to cut his hair. Although the guilty determination was later reversed, plaintiff admitted at the hearing that he refused to cut his hair, which supports the due process requirement that there be "some evidence" to support Bezio's decision to find plaintiff guilty of refusing to obey a direct order. *See Smith v. Fischer*, No. 9:07-cv-1264, 2010 WL 145292, at *9 (N.D.N.Y. Jan. 11, 2010) (adopting Report-Recommendation which found that even though the guilty determination had been reversed administratively, because there was "some evidence" to support the defendant's decision to find the plaintiff prisoner guilty, the due process standard was satisfied).

At the May 2, 2008 hearing, defendant Chase found plaintiff guilty of refusing a direct

-4-

order by wearing a head covering known as a Tsalot-kob after defendant Bezio instructed him not to, and guilty of having "unfastened long hair". Even viewing the facts in the light most favorable to plaintiff, and assuming that defendant Bezio never told plaintiff that he could not wear a Tsalot-kob, and that there was no evidence to support a finding that plaintiff refused a direct order, defendant Bezio testified at the hearing that he observed plaintiff with his dreadlocks unfastened. Thus, there was "some evidence" to support the guilty finding, the due process standard is satisfied, and there is no question of fact requiring trial on plaintiff's claim that the hearing officers were impartial. Accordingly, the Report and Recommendation is adopted in its entirety as to this claim.

**Harassment**

Plaintiff claims, in his objection to Magistrate Judge Peebles's recommended dismissal of his harassment claims, that he did not file a grievance against defendant Rice, but against defendant Bezio and that "he did the investigation of the harassment grievance himself." This allegation is different than the claim before Magistrate Judge Peebles, which was that defendant Bezio verbally harassed plaintiff during the second disciplinary hearing. Regardless of whether plaintiff's claim is that defendant Bezio harassed plaintiff by filing misbehavior reports or conducted a biased investigation of plaintiff's grievance, his claim fails. *See See Boddie*, 105 F.3d at 862 ("a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report"); *Green v. Herbert*, 677 F. Supp. 2d 633, 639 (W.D.N.Y. 2010) ("an inmate 'has no constitutional right to have his grievances processed or investigated in any particular manner.'") (quoting *Shell v. Brzezniak*, 365 F.Supp.2d 362, 379 (W.D.N.Y. 2005)). Thus, plaintiff's objection is without merit.

## CONCLUSION

For these reasons, it is

**ORDERED** that the Report and Recommendation of United States Magistrate Judge David E. Peebles (Dkt. No. 72) is accepted; and it is further

**ORDERED** that the motion (Dkt. No. 57) for summary judgment is granted; and it is further

**ORDERED** that the amended complaint (Dkt. No. 37) is dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment and close this case; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date: September 25, 2014

Norman A. Mordue
Senior U.S. District Judge